Owen McGivern, J.
Defendant moves for summary judgment dismissing the complaint and for severance as to the defendant’s counterclaim. Plaintiff cross-moves for an order dismissing the counterclaim and for summary judgment in favor of the plaintiff upon the complaint.
The action is based upon a separation agreement made and dated September 19, 1956, which provided for weekly payments in the sum of $60. The plaintiff had secured a separation decree made and dated September 11,1956, which provided for support payments in the sum of $80 weekly. It was provided in the separation agreement that “If husband fails in the due performance of his obligations hereunder, wife shall have the right, at her option, to rescind this agreement, and upon such rescission the parties agree that the award of alimony made under the decree in Supreme Court, County of Kings, on September 11, 1956 in the sum of $80.00 weekly shall be reinstated ’ ’. However, the plaintiff had obtained a valid Mexican decree of divorce dated October 1, 1956. The separation agreement nevertheless survives, to the extent it is valid and enforcible.
*22 In December, 1958, plaintiff had instituted a proceeding in the separation action, to adjudge the defendant in contempt for failure to make the required payments under the separation decree in the sum of $80 weekly, from November 24, 195?. By final order dated October 21, 1989, it was adjudged that the Mexican decree was valid and that it terminated the action for separation, that there were no arrears of alimony due and unpaid, and that plaintiff was without any rights under the separation decree.
The defendant now urges that, by reason of the application made by her to have the defendant adjudged in contempt, plaintiff rescinded the separation agreement by electing to take under the separation decree. But there was no rescission and the motion made by the plaintiff to enforce the separation decree was entirely illusory. The agreement survived except for the wife’s Option to rescind and enforce the separation judgment in case of default. That portion of the agreement is severable and became void when the divorce was obtained.
As a consequence, the counterclaim is without merit. It is therein alleged that under the separation agreement defendant transferred by quitclaim deed his interest as tenant by the entirety in certain premises which have been sold by the plaintiff, It is claimed that since the plaintiff has cancelled and rescinded the separation agreement, the defendant has been damaged to the extent of a sum representing the value of Ms interest in that property. Since there was no choice or room for any election in favor of the plaintiff, and since the provision for rescission contained in the separation agreement is now illusory, the asserted counterclaim is without basis an fact or law.
The issues upon the complaint and the answer insofar as defendant urges violation by the plaintiff otherwise of the provisions of the separation agreement are not ready for disposition. This is so hy reason of plaintiff’s failure to meet the issues except by the assertion that the defendant appears presently to he precluded for failure to serve a bill of particulars.
Accordingly, plaintiff’s motion is granted to the extent of dismissing the counterclaim, and it is otherwise denied without prejudice. The defendant’s motion, based as it is on the sole contention that plaintiff has rescinded, is likewise denied.